**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                    **v.**                                        **5:05-CR-37**
                                                                       **(FJS)**

**LUIS SANTIAGO,**

                              **Defendant.**

**APPEARANCES**                                    **OF COUNSEL**

**OFFICE OF THE UNITED STATES**                **EDWARD R. BROTON, AUSA**
**ATTORNEY**
James F. Hanley Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF WILLIAM C. SULLIVAN, ESQ.**     **WILLIAM C. SULLIVAN, ESQ.**
University Building – Suite 631
120 East Washington Street
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Defendant is charged with eight counts of knowingly and intentionally possessing cocaine

with intent to distribute on various dates in February of 2001, in violation of Section 841(a)(1) of

Title 21 of the United States Code.  Defendant is also charged with eight counts of knowingly and

intentionally using a communication facility, a telephone, in committing, causing and facilitating the

violations of Section 841(a)(1) of Title 21 of the United States Code, in violation of Section 843(b) of Title 21 of the United States Code.

Defendant was previously charged with and acquitted of conspiracy to distribute cocaine in violation of Section 846 of Title 21 of the United States Code as part of the "Brito" narcotics organization. The Government, under Rule 801(d)(2) of the Federal Rules of Evidence, now seeks to admit statements in this prosecution regarding the possession and sale of cocaine that Defendant's then-attorney, Robert Moran, made during his opening and closing remarks in the previous conspiracy trial.

## II. BACKGROUND

Defendant was previously indicted as one of eleven defendants in a twenty-count indictment as part of the "Brito" narcotics organization.  He was only charged with one count in that indictment – conspiracy to distribute cocaine.  At the conspiracy trial, Mr. Moran, who represented Defendant, stated in his opening remarks:

> "I believe that we can agree that the Britos had a conspiracy amongst themselves to sell cocaine, but his (Santiago) relationship with the Britos was not part of the conspiracy, it was part of a buyer type relationship.  He was – Mr. Broton said it, he was a customer.  Mr. Broton said he was a customer of the Britos, and he was.  The last thirty days, the thirty days that were part of the wiretap, were the worst part of Mr. Santiago's life.  The thirty-eight eight balls that Mr. Broton says he purchased, **he probably did**.  **At least the numbers we have are pretty close to that, 35**. . . . He's (Santiago) **not going to tell you he didn't sell some of it** at the end to fuel his addiction **because he did**, but he just wasn't part of this conspiracy."

*See* Government's Motion at 1-2 (quoting Trial Transcript annexed as Exhibit "A") (emphasis added).

2

In his closing remarks, Mr. Moran stated that "'[t]he last month of – when the wiretap was on was – **a little over 100 grams of cocaine was given to Mr. Santiago, that he admits**." *See id.* at 2 (quoting Trial Transcript annexed as Exhibit "A") (emphasis added).  Following a bench trial, the Court acquitted Defendant of the conspiracy count and stated that "'the evidence establishes conclusively that defendant was a longstanding customer of the Brito conspiracy and that he resold some portion of the cocaine that he purchased on an unknown number of occasions.'" *See id.* (quoting Memorandum-Decision and Order dated May 29, 2003 at p. 10 copy annexed hereto as Exhibit "B").

Subsequently, the Government re-indicted and charged Defendant with substantive counts of possession with intent to distribute and distribution of cocaine in violation of Section 841(a)(1) of Title 21 of the United States Code and using a telephone to facilitate the drug transactions in violation of Section 843(b) of Title 21 of the United States Code.  According to the Government, the substantive counts in this Indictment relate to the same transactions that were the basis for the conspiracy charge in the previous trial.  The Government now seeks to admit the above-cited statements regarding Defendant's possession and sale of cocaine that his counsel made at the conspiracy trial in the upcoming trial under Rule 801(d)(2) of the Federal Rules of Evidence.

The Court heard oral arguments in support of, and in opposition to, the admission of these statements on February 10, 2006.  At the conclusion of those arguments, the Court reserved decision and granted Defendant an *in camera* hearing to present an explanation for the inconsistency between the statements of Defendant's counsel at the conspiracy trial and Defendant's plea of not guilty to the counts of the Indictment in this case.

### III. DISCUSSION

There are two legal issues that the Court must consider in deciding whether the Government may introduce the statements that Mr. Moran's  to the Court in the conspiracy trial against Defendant in the trial in this case: (1) whether these statements are admissible as non-hearsay under Rule 801(d)(2) and (2) if they are, whether these statements meet the standard for admissibility that the Second Circuit established in *United States v. McKeon,* 738 F.2d 26 (2d Cir. 1984).

**A.      Rule 801(d)(2)**

Rule 801(d)(2) of the Federal Rules of Evidence provides that

> [a] statement is not hearsay if–
>
> **(2)** . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . . .

Fed. R. Evid. 801(d)(2).

Mr. Moran's statements meet the requirements of more than one paragraph of Rule 801(d)(2); and, therefore, the Court concludes that these statements are not hearsay.  First, it is reasonable to believe that Defendant, as a criminal defendant, participated in developing  his first trial's strategy, i.e., that he was not part of the Brito conspiracy but rather only a user and occasional seller of cocaine.  Thus, the Court could infer that Defendant adopted Mr. Moran's version of the facts as true and/or manifested a belief that they were true.  *See* Fed. R. Evid. 801(d)(2)(B).

Moreover, although Defendant argues that, because Mr. Moran was involved in drugs, it is conceivable that he crafted the defense without obtaining information from Defendant, it is still reasonable to believe that Defendant *authorized* Mr. Moran to make those statements.  Mr. Moran was hired to represent Defendant during the conspiracy trial; and as a representative of Defendant it is reasonable to believe that Mr. Moran would not have made statements that Defendant had not authorized him to make.  *See* Fed. R. Evid. 801(d)(2)(C).  Alternatively, Mr. Moran, in his capacity as Defendant's attorney, was Defendant's agent and the statements that Mr. Moran made concerning Defendant's use and distribution of cocaine were made during the existence of their relationship and concerned a matter within the scope of the agency, i.e., Mr. Moran's representation of Defendant during his trial for conspiracy to distribute cocaine.  *See* Fed. R. Evid. 801(d)(2)(D); *McKeon*, 738 F.2d at 30 (citing *U.S. v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981), *cert. denied* 461 U.S. 913, 103 S. Ct. 1891, 77 L. Ed. 2d 282 (1983)).

**B.    The *McKeon* Factors**

The Court's conclusion that Mr. Moran's statements are not hearsay does not mandate their admission.  Rather, before a court will allow a party to use an attorney's statements in one trial in a subsequent criminal trial, the court must be satisfied (1) that "the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial," *McKeon,* 738 F.2d at 33; (2) that "the statements of counsel were such as to be the equivalent of testimonial statements by the defendant," *id*.; and (3) that "the inference the prosecution seeks to draw from the inconsistency is a

fair one and that an innocent explanation for the inconsistency does not exist."[1] *Id.*  "Moreover, where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved in explaining the changes in defendant's version of events, the court should offer an opportunity to the defense to present those reasons *in camera*, outside the presence of the jury and of the prosecution."  *Id.*

The Court will address each of these factors in turn.


### 1. First Factor: Whether Mr. Moran's statements in the previous trial involve assertions of fact inconsistent with Defendant's plea of not guilty in the present case

Defendant entered a plea of not guilty to all of the counts charged in the Indictment.  *See* Dkt. No. 4.  An entry of a guilty plea constitutes a denial of the elements of the offense.  *See United States v. Walsh*, 700 F.2d 846, 856 (2d Cir. 1983) (citation omitted) (stating that a not guilty plea puts into issue the elements of the offense).   Mr. Moran's statements at the prior trial are clearly inconsistent with Defendant's plea of not guilty on these counts.  For example, Mr. Moran stated that  "'[t]he thirty-eight eight balls that Mr. Broton says he purchased, **he probably did**.  At least **the numbers we have are pretty close to that, 35**. . . . He's (Santiago) not going to tell you he didn't sell some of it at the end to fuel his addiction **because he did** . . . .'"  *See* Government's Motion at 1-2, (quoting Trial Transcript annexed as Exhibit "A").  Later in his summation, Mr. Moran stated that "'a little over 100 grams of cocaine was given to Mr. Santiago, **that he admits**. . . . In February 2001, 100 grams went through Louis Santiago's hands and nose.  **And that he**

---

[1]  A court should make this determination "in a hearing . . . outside the presence of the jury [and] by a preponderance of the evidence. . . ."  *McKeon*, 738 F.2d at 33.

**admits**.'" *See id.* at 2 (quoting Trial Transcript annexed as Exhibit "A").  These are unambiguous statements of fact, i.e., Defendant **did** sell cocaine and **did possess** cocaine, which are clearly inconsistent with Defendant's plea of not guilty.[2]  They are also not speculative, do not relate to the credibility of witnesses, and do not ask the jury to draw an inference.  *See McKeon*, 738 F.2d at 33. Accordingly, this Court finds that the first *McKeon* factor is satisfied and weighs in favor of the admission of Mr. Moran's statements.

### 2. Second Factor: Whether Mr. Moran's statements are the equivalent of the testimonial statements of Defendant

With respect to Mr. Moran's statements about Defendant's *possession* of cocaine, the Court concludes that more than just the attorney-client relationship is present with respect to these statements, *McKeon*, 738 F.2d at 33, and that, therefore, these statements are the equivalent of the testimonial statements of Defendant.  Specifically, Mr. Moran's statements that "'the thirty-eight eight balls that Mr. Broton says he purchased, **he probably did.  At least the numbers we have are pretty close to that, 35**" and "**a little over 100 grams of cocaine was given to Mr. Santiago, that he admits**"  are direct assertions of fact, which in all probability Defendant would have had to confirm.  Therefore, the Court can reasonably infer that Defendant participated in his defense regarding these issues and that Mr. Moran would not have made these statements without Defendant's participation.

The Court reaches a different conclusion with respect to Mr. Moran's statement about Defendant's sale of cocaine: "**[h]e's not going to tell you that he didn't sell some of it at the end**

---

[2] In opposition to the Government's motion, Defendant asserts that, in this case,  he does not deny that he possessed cocaine.  This statement is inconsistent with his plea of not guilty.

**to fuel his addiction because he did**." The testimony at the *in camera* hearing gave the Court reason to doubt that Defendant authorized Mr. Moran to make this statement. Therefore, this Court is not satisfied that Mr. Moran's statement concerning Defendant's sale of cocaine is the equivalent of the testimonial statement of Defendant.

Accordingly, the Court finds that the second *McKeon* factor is satisfied with respect to Mr. Moran's statements about Defendant's possession of cocaine but is not satisfied with respect to Mr. Moran's statement about Defendant's sale of cocaine.


### 3. Third Factor: Whether the inference the Government seeks to draw from the inconsistency between Mr. Moran's statements about Defendant's possession of cocaine and Defendant's plea of not guilty  is a fair one and whether an innocent explanation for this inconsistency exists[3]

The Court concludes that the inference that the Government wants the jury to draw from the inconsistency between Mr. Moran's statements about Defendant's possession of cocaine and Defendant's plea of not guilty is fair. The Government simply wants the jury to infer from Mr. Moran's statements that Defendant possessed cocaine – which is what the statements indicate. Further, Defendant has failed to offer an innocent explanation for the inconsistency between his plea of not guilty in this case and Mr. Moran's statements at the prior trial about his possession of cocaine. Accordingly, the Court finds that the third *McKeon* factor is satisfied with respect to Mr. Moran's statements about Defendant's possession of cocaine.

---

[3] Since the Court has concluded that Mr. Moran's statement about Defendant's sale of cocaine does not satisfy the second *McKeon* factor, it need not address whether this statement satisfies the third *McKeon* factor.

## IV. CONCLUSION

Accordingly, after carefully considering the file in this matter, the parties' submissions and oral arguments, the applicable law, and for the reasons stated herein, as well as at oral argument and at the *in camera* hearing, the Court hereby

**ORDERS** that the Government's motion, pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, to admit Mr. Moran's statements regarding Defendant's **possession** of cocaine is **GRANTED**; and the Court further

**ORDERS** that the Government's motion, pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, to admit Mr. Moran's statement regarding Defendant's **sale** of cocaine is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 23, 2006
      Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge

9